**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATALIE ROSA<br>4404 Longshore, Ave.<br>Philadelphia, PA 19135 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.: |
| v. | : <br> : | |
| GASTROINTESTINAL ASSOCS., INC.<br>1095 Rydal Rd., Ste. 100<br>Jenkintown, PA 19046 | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |
| Defendant. | : <br> : | |

**CIVIL ACTION COMPLAINT**

Natalie Rosa (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.    Plaintiff has initiated this action to redress violations by Gastrointestinal Associates, Inc. (*hereinafter* referred to as "Defendant") of the Family and Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2.    This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait one (1) full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically to her federal claims under the ADA.

1

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's future state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## **PARTIES**

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with an address set forth in the caption.

8.      Defendant is a corporation that provides gastrointestinal health care to patients within the Greater Philadelphia Area. Plaintiff worked out of the above-captioned address.

2

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted, at all times relevant herein, in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     On or about July 6, 2020, Plaintiff began her employment with Defendant as a Medical Assistant.

12.     Thereafter, in or about summer of 2022, Plaintiff was transferred into an Operator position.

13.     In the Operator position, Plaintiff directly reported to Supervisor, Heather Churak (*hereinafter* "Churak"), and indirectly reported to Operations Manager, Tara Wagner (*hereinafter* "Wagner") and Executive Director, Alfreda Rawlings (*hereinafter* "Rawlings").

14.     Throughout her tenure with Defendant, Plaintiff was a dedicated and hard-working employee who performed her job well.

15.     Plaintiff remained in the aforesaid Operator position until her unlawful termination, on or about September 13, 2023.

16.     Plaintiff has and continues to suffer from permanent medical conditions related to her back (spine) and neck, including but not limited to, degenerative disc disease and associated complications.

17.     As a result of her aforesaid disabilities, Plaintiff is limited (at times) in her ability to perform certain daily life activities, including, but not limited to, bending, lifting, walking, standing, and sitting for long periods of time.

3

18.    Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the duties of her job well with Defendant; however, she did require some reasonable accommodations, including but not limited to, ADA and FMLA-qualifying intermittent medical leave when experiencing a flare up of her disabilities.

19.    Due to flare ups that Plaintiff would experience with her aforesaid medical conditions, it was well-known that Plaintiff suffered from disabilities related to her spine and neck throughout Defendant's office, as such flare ups would, at times, occur in the workplace.

20.    Plaintiff also discussed her aforesaid ongoing health problems and significant flare ups with Defendant's management on several occasions prior to April of 2023.

21.    In or about April of 2023, after experiencing significant pain from discs compressing her spinal cord, Plaintiff required a block medical leave to undergo surgery to resolve the same.

22.    Almost immediately after her physician scheduled said surgery (discussed *supra*), Plaintiff requested from Churak an ADA and FMLA-qualifying block medical leave of absence as a reasonable accommodation for her disabilities.

23.    In response thereto, Churak directed Plaintiff to request FMLA leave from Wagner.

24.    Plaintiff adhered to Churak's instruction, and in or about late-April 2023, Plaintiff messaged Wagner via Teams to request FMLA paperwork.

25.    In compliance with Defendant's policies and procedures, Plaintiff's physician submitted Plaintiff's completed FMLA paperwork to Wagner on or about May 11, 2023.

26.    On or about May 25, 2023, Defendant approved Plaintiff's FMLA leave of absence from June 22, 2023 through September 14, 2023.

27.     Accordingly, on or about June 22, 2023, Plaintiff commenced an FMLA-qualifying medical leave of absence as a reasonable accommodation for her disabilities.

28.     On or about September 8, 2023, Churak called Plaintiff to inquire as to her return-to-work date, as Plaintiff's FMLA leave was shortly expiring.

29.     During the aforesaid call with Churak (discussed *supra*), Plaintiff informed Churak that her physician had not yet cleared her to return to work but instead extended her leave for an additional seventeen (17) days (until on or about October 9, 2023).

30.     The additional seventeen (17) days off from work that Plaintiff sought was an extremely reasonable accommodation under the ADA.[2]

31.     On or about September 12, 2023, Wagner emailed Plaintiff stating that Plaintiff's FMLA leave was concluding on or about September 14, 2023 and that she was expected to return to work on or about September 15, 2023.

32.     Plaintiff responded to Wagner's aforesaid email advising Wagner of the call with Churak wherein she informed Churak that her doctor did not clear her to return to work and would not do so until on or about October 9, 2023.

33.     The following day, on or about September 13, 2023, Wagner responded that Plaintiff's "protected FMLA leave ends on Thursday 9/14" explaining "there is no guarantee that this will be approve." Wagner also attached a "personal leave of absence form" to said email.

---

[2] *See e.g. Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F.Supp.2d 694 (E.D. Pa. 2010) (time off from work, even up to 3 months can constitute a reasonable accommodation under the ADA); *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135 (3d Cir. 2004) (federal courts have permitted leave to be a reasonable accommodation under the ADA); *Shannon v. City of Philadelphia*, WL 1065210 (E.D. Pa. 1999) (time off from work for an extended period of time is a reasonable accommodation under the ADA).

34.     As Plaintiff is thorough, professional, and prompt, on or about September 13, 2023 at 12:28 p.m., Plaintiff immediately submitted a completed "Request for Leave of Absence" form to Wagner clearly identifying her return to work date of October 9, 2023.

35.     Less than two (2) hours later, on or about September 13, 2023 at 2:05 p.m., Wagner, without any interim dialogue, questions, interactive discussion, or attempt to discuss the matter, abruptly terminated Plaintiff's employment by way of email.

36.     In Wagner's termination email (discussed *supra*), she denied Plaintiff's request for personal leave and wrote, "[s]ince your FMLA has been exhausted, we can no longer hold your position open[,] and we will look to fill it." Wagner failed to even welcome Plaintiff to reapply for employment in the future.

37.     As further evidence of discriminatory and retaliatory animus, upon information and belief, on or about October 30, 2023, Defendant replaced Plaintiff with Amanda Davila (*hereinafter* "Davila"), a less qualified, less experienced, non-disabled individual.

38.     Plaintiff believes and therefore avers that Defendant terminated her employment because of her known and/or perceived disabilities, her record of impairment, in retaliation for requesting accommodations (including FMLA-qualifying medical leave and extended ADA leave), and/or because Defendant failed to engage in the interactive process and accommodate Plaintiff's disabilities.

**COUNT I**
**Violations of the Family and Medical Leave Act ("FMLA")**
**([1[Interference; and [2] Retaliation)**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C.A. § 2611(a)(i)(ii).

41.     Plaintiff requested leave from Defendant, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

42.     Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment prior to her request for medical leave.

43.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

44.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

45.     Defendant committed interference and retaliations violations of the FMLA by: (1) taking actions towards Plaintiff that would dissuade a reasonable person from exercising their rights under the FMLA; (2) considering Plaintiff's FMLA needs and/or time off in making the decision to terminate her employment; and (3) terminating Plaintiff's employment in retaliation for requesting and/or utilizing FMLA leave.

46.     These actions as aforesaid constitute violations of the FMLA.

**COUNT II**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1[Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities, including but not limited to, bending, lifting, walking, standing, and sitting for long periods of time.

49.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable accommodations at times.

50.     Plaintiff kept Defendant's management informed of her serious medical conditions and need for medical treatment and other accommodations, such as intermittent time off when she experienced flare ups of her disabilities and block leave to undergo surgery to treat for her disabilities.

51.     Based on the foregoing, Plaintiff believes and therefore avers that her actual/perceived/record of disabilities were motivating or determinative factors in Defendant's decision to terminate her employment.

52.     In addition, Plaintiff believes and avers that she was terminated in retaliation for requesting reasonable accommodations under the ADA.

53.     Finally, Plaintiff believes and avers that Defendant failed to engage in the interactive process and accommodate her disabilities by refusing to extend her medical leave by seventeen (17) days (a very reasonable accommodation), by considering ADA-qualifying needs against her in making the decision to terminate her, and by terminating her in order to avoid having to accommodate her.

54.     These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 31, 2024

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Natalie Rosa | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Gastrointestinal Assocs., Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X )

| | | |
|---|---|---|
| 1/31/2024 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___4404 Longshore Avenue, Philadelphia, PA 19135___

Address of Defendant: ___1095 Rydal Road, Suite 100, Jenkintown, PA 19046___

Place of Accident, Incident or Transaction: ___Defendant's place of business___

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]    No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]    No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]    No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]    No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___1/31/2024___    _____    ___ARK2484 / 91538___
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
     *(Please specify): _____*

*B.    Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify): _____*
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
     *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf___ , counsel of record *or* pro se plaintiff, do hereby certify:

- [X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- [ ] Relief other than monetary damages is sought.

DATE: ___1/31/2024___    _____    ___ARK2484 / 91538___
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROSA, NATALIE

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

GASTROINTESTINAL ASSOCS., INC.

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1  U.S. Government Plaintiff | **X** 3  Federal Question *(U.S. Government Not a Party)* |
| 2  U.S. Government Defendant | 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| **X** 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    **X** Yes    No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    1/31/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Print    Save As...    Reset